ELLI O. ASKEN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41143.) — REYNOLDS, J. Appeal and cross appeal from a judgment of the Court of Claims, awarding damages for a partial taking in connection with the widening of Route 23 in the Town of Durham, Greene County. Claimant's property consisted of seven acres divided by Route 23. Between 1954 and the taking in 1962 appellant and her husband operated a successful children's Summer camp on the premises. A 17-room Victorian house, situated on the west side of the road, had been adapted to provide a dining room, which would seat 75 people, a kitchen, an infirmary, administrative offices, five bathrooms, and sleeping accommodations for a large number of children and counselors. Moreover, in 1958 a three-room dormitory was attached to this main building. Near this complex was a play area for·nursery children, ·including sand boxes, swings, etc., a barbecue pit used for outdoor cookouts, and a driveway leading to a parking area. On the east side of the road the owners converted a barn so that the ground floor was made into a recreation room and the upper floor into an unheated but suitable Summer dormitory for 24 children plus several more counselors. Bathrooms were put in and apparently the whole reconstruction of the barn was done in a superior manner. Attached to the barn was a two-car garage. Also on the east side was a concrete block well house, this water serving the converted barn and partially serving the main house, and part of the septic system. The flat land around the converted barn on the east side had been filled and graded by the owners for recreation fields. During the Summer from 1958 this camp accommodated 94 people — 74 children and 20 staff. During the balance of the year 10 to 13 children, usually from broken homes, stayed on and went to school locally. While in widening the road the State took only 0.609 acre its actions concededly destroyed the property's usefulness as a children's Summer camp. The taking eliminated the converted barn and attached garage, the pump house, the well and parts of the playing fields on the eastern portion and the con-struction of ·a huge drainage ditch made whatever remained thereof inaccessible. Furthermore, the grade of the driveway on the western portion was substantially increased so as to render it useless in the Winter. The claimant's expert, viewing the remaining premises as merely a "superadequate" residence, found a before value of $85,000 and an after value of $11,000, for total damages of $74,000. The State's expert, finding its best use now as a dwelling or rooming house, found a before value of $21,000, an after value of $10,400 and total damages of $10,600. The appraisal evidence on which these valuations were made is in general extremely unsatisfactory and the State's appraiser's before value is ridiculously low considering the nature of the improvements to the property. The Court of Claims found a before market value of $37,000, allocating $5,500 to land and $32,000 to improvements, and an after value of $13,000, allocating $2,000 to land and $11,000 to improve-ments, for total damages of $24,700. This decision is patently defective in

that there is no breakdown between direct and consequential damages and the after value found is higher than any figure in evidence (e.g., *Lyell Shopping Center* v. *State of New York*, 1 A D 2d 77). Furthermore, we consider that the before value of the property and in particular the before value of the improvements as found by the Court of Claims is inordinately low. We feel, however, that under the circumstances remittal is not necessary and that the claim should be adjudicated here. We find that the values before taking were: land $7,000, improvements $49,000, total $56,000; and after the taking were: land $2,000, improvements $9,000, total $11,000; and that claimant was damaged in the amount of $45,000 of which $35,122 is consequential damages and $9,878 direct damages. Judgment modified, on the law and the facts, so as to increase the amount of the award to $45,000, with appropriate interest, and, as so modified, affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.